ZEICHNER ELLMAN & KRAUSE LLP

103 EISENHOWER PARKWAY
ROSELAND, NEW JERSEY 07068
(973) 618-9100
FAX: (973) 364-9960
www.zeklaw.com

575 LEXINGTON AVENUE
NEW YORK, NY 10022
(212) 223-0400
FAX: (212) 753-0396

35 MASON STREET
GREENWICH, CT 06830
(203) 622-0900
FAX: (203) 862-9889

WILLIAM T. MARSHALL, JR.
wmarshall@zeklaw.com

August 27, 2010

**ECF FILING**

Honorable William J. Martini, Jr., U.S.D.J.
United States District Court
District of New Jersey
Martin Luther King, Jr. Federal
 Building & U.S. Courthouse
50 Walnut Street - Courtroom 4B
Newark, New Jersey 07101

   Re: Ardadiuz Minklein v. Bank of America, N.A., et al.
     Civil Action No. 10-0810
     Motion Return Date: September 7, 2010
     Our File No. 82978.056

Dear Judge Martini:

   We represent defendants Bank of America, N.A. ("BOA") and Countrywide Home Loans, Inc. ("Countrywide") (collectively "Defendants") in connection with the above matter. Please accept this letter memorandum in lieu of a more formal brief in response to the opposition filed by Plaintiff, and in further support of Defendants' motion to dismiss the Second Amended Complaint (the "Complaint") against Defendants.

   Defendants submit that their motion to dismiss should be granted as a matter of law, because Plaintiff has failed to cite to any legal authority or facts that would rescue his claims from the ultimate fate of dismissal.

   Nowhere in his opposition does Plaintiff even address the potential sustainability of his claims. Instead, Plaintiff has chosen to go the route of making a blanket statement that the "Motion to dismiss has no legal basis, and therefore this motion must be denied." Plaintiff proceeds merely to restate the various claims regarding the loan charges set forth in his Complaint. (See Plaintiff's Affirmation in

ZEICHNER ELLMAN & KRAUSE LLP

Honorable William J. Martini, Jr., U.S.D.J
United States District Court
District of New Jersey 8/27/2010
Page 2

Opposition to Motion to Dismiss Complaint ¶¶2, 7-10).  This blanket statement and recitation should not preclude the dismissal of Plaintiff's claims against Defendants.

Plaintiff cannot not escape the fact that his claim for damages under TILA is, in fact, time barred.  No legal authority is cited by Plaintiff to refute that he had an obligation under 12 U.S.C. § 2614 and 15 U.S.C. § 1640(e), to sue for damages within one (1) year of the claimed statutory violation.  Plaintiff's pleading, on its face, contains the concession that he did not do so as to either of the Defendants.  Therefore, Plaintiff's claims under TILA should be dismissed with prejudice.

Plaintiff also ignores the undisputed fact that he will be unable to obtain the relief of rescission which he demands in his Complaint.  Plaintiff's loan identified in the Complaint is not subject to rescission because it was a purchase money mortgage transaction which is specifically exempt from rescission pursuant to 15 U.S.C. § 1635(e)(1).  Plaintiff does not dispute this fact, nor does he cite to any authority to the contrary. As a matter of law, Plaintiff cannot state a claim for rescission against Defendants.

Likewise, Plaintiff does not refute Defendants' position that he will not be able to maintain a claim under the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1, et seq. ("CFA").  Plaintiff does not even address the fact that the statutory provisions upon which he relies in his Complaint do not provide an avenue for recovery against Defendants.  Moreover, Plaintiff ignores the fact that he has failed to specifically plead any unlawful conduct by BOA or Countrywide, or allege any "ascertainable loss" that he has suffered as a result of their conduct.  These failures are fatal to his CFA claims and warrant their dismissal.

Through his failure to address the issues in his opposition, Plaintiff concedes that his claims of negligence are time-barred and fail to state a claim for relief.  Plaintiff does not cite to any legal authority to the contrary, nor does he direct this Court to any facts or allegations within the four corners of his Complaint that would save such claims from dismissal.  In addition, Plaintiff also does not contest the legal authority, relied upon by Defendants, which confirms, that Defendants owed no fiduciary duty to Plaintiff in this matter. Finally, Plaintiff does not refute the fact that he has failed to cite to a valid authority for this Court to sustain jurisdiction.

ZEICHNER ELLMAN & KRAUSE LLP

Honorable William J. Martini, Jr., U.S.D.J
United States District Court
District of New Jersey 8/27/2010
Page 3

       Based upon the foregoing reasons, as well as those set forth in the moving papers submitted by Defendants to this Court, Plaintiff's Complaint should be dismissed as a matter of law because it fails to state a claim upon which relief may be granted against BOA and Countrywide.

                              Respectfully submitted,

                              William T. Marshall, Jr.

WTM:kdf