UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ARKADIUZ MINKLEIN,<br><br>      Plaintiff,<br><br>    v.<br><br>BANK OF AMERICA, N.A.,<br>COUNTRYWIDE HOME LOANS, and<br>PEROTTA, FRASER & FORRESTER, LLC.,<br><br>      Defendants. | Civil Action No. 2:10-00810<br><br>OPINION<br><br>HON. WILLIAM J. MARTINI |

**WILLIAM J. MARTINI, U.S.D.J.:**

      Plaintiff Arkadiuz Minklein ("Minklein") sues Bank of America, N.A. ("BOFA"), and Countrywide Home Loans Inc. ("Countrywide") (collectively "Defendants"), alleging violations of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA"), violations of the New Jersey Consumer Fraud Act, breach of fiduciary duty, and negligence, all in connection with a mortgage he obtained. This matter comes before the Court on Defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Oral arguments were not held, in accordance with Fed. R. Civ. P. 78.

      For the reasons stated below, Defendants' Rule 12(b)(1) motion is **DENIED**; Defendants' Rule 12(b)(6) motion is **GRANTED** with respect to the alleged TILA violations; Plaintiff's claims for TILA violations are **DISMISSED WITH**

**PREJUDICE**; and this Court declines to exercise subject matter jurisdiction over the remaining claims arising under state law.

I.  **Background**

On February 27, 2007, Minklein entered into a mortgage loan agreement with Countrywide acting as the lender. (Perrotta, Frazer & Forrester, LLC performed the closing, and, although named as a defendant, it is not a party to this motion and has not yet appeared in the case.) Bank of America now holds the mortgage. Minklein alleges that according to the Truth in Lending Disclosure Statement regarding the transaction the finance costs of the loan were approximately $5,561, but he paid approximately $6,105.90. His allegations vary slightly as to the exact amounts of these figures. Minklein requests actual damages, punitive damages, attorneys' fees, rescission of the loan agreement, and other relief.

In response to Defendants' motion to dismiss, Minklein only entered an affirmation restating his core allegations and declaring that the "Motion to Dismiss has no legal basis, and therefore this Motion must be denied." Minklein did not substantively respond to Defendants' specific legal arguments.

II.  **This Court has Subject-Matter Jurisdiction Over Plaintiff's TILA Claims.**

Defendants challenge this Court's subject matter jurisdiction, arguing that diversity jurisdiction does not exist because the amount in controversy does not exceed $75,000, and Minklein and defendants Perrotta, Frazer & Forrester, LLC both reside in

New Jersey thus thwarting complete diversity. Based on the evidence before the Court – and the fact that Minklein does not mention diversity jurisdiction in his complaint nor does he challenge Defendants' assertions – it is unlikely that diversity jurisdiction exists here.

But subject-matter jurisdiction does exist under 28 U.S.C. § 1331 and Section 1640(e) of TILA, which provides that "[a]ny action under this section may be brought in any United States district court." *See also Ramadan v. Chase Manhattan Corp.*, 156 F.3d 499, 500-01 (3d Cir. 1998) (holding that Section 1640(e) grants jurisdiction over TILA actions to federal courts). Minklein failed to cite Section 1640(e), but this Court can see no justification in dismissing this action where such a clear statutory grant of federal jurisdiction exists. And this Court has supplemental jurisdiction over the remaining claims, all of which arise under state law and all of which are part of the same case or controversy as the alleged TILA violations. *See* 28 U.S.C. § 1367(a).

**III.    Plaintiff's TILA Claims Fail.**

Defendants challenge the alleged TILA violations arguing that: (1) any claim for damages is barred by TILA's one-year statute of limitations under Section 1640(e); and (2) any claim for rescission (subject to a three-year statute of repose[1]) is barred because the transaction sought to be rescinded is a "residential mortgage transaction" under Sections 1635(e) and 1602(w). Defendants are correct on both points.

---

[1] *See In re Community Bank of Northern Virginia*, 622 F.3d 275, 301 n.18 (3d Cir. 2010).

Minklein filed his claim almost three years after the transaction was consummated, so any claim for damages is time-barred. *See In re Community Bank of Northern Virginia*, 622 F.3d 275, 303 (3d Cir. 2010) ("a claim for damages under TILA . . . . is subject to a one-year limitations period that begins to run from the date the loan closed") (citing 15 U.S.C. § 1640(e)). And Section 1635, which allows the remedy of rescission, does not apply to "residential mortgage transactions." *See* 15 U.S.C. § 1635(e)(1). Section 1602(w) defines a "residential mortgage transaction" as a "transaction in which a mortgage, deed of trust, purchase money security interest arising under an installment sales contract, or equivalent consensual security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling." 15 U.S.C. § 1602(w). That is, TILA does not provide a right of rescission where the loan at issue created a lien to finance the acquisition of a dwelling in which the customer resides or plans to reside. *See Nix v. Option One Mortg. Corp.*, No. 05-03685, 2006 WL 166451, at *4-5 (D.N.J. Jan. 19, 2006); *In re Crimosia*, No. 00-35085DWS, 00-0938, 2002 WL 31202722, at *10-12 (Bankr. E.D.P.A. Sep. 13, 2002). Minklein lists his residential address as "86 Normandy Rd., Colonia, NJ 07067"; the loan agreement indicates that this is the same property for which the mortgage was created.[2] Again, Minklein does not respond to the argument that this loan agreement was consummated in order to finance his acquisition of his primary residence. This Court finds that Minklein

---

[2] The loan agreement was attached as an exhibit to papers accompanying the motion to dismiss. Because the loan agreement is central to Plaintiff's claim, referenced in his complaint, and of undisputed veracity, this Court can take judicial notice of it without converting the motion to one for summary judgment. *See, e.g., SGS U.S. Testing Co., Inc. v. Takata Corp.*, No. 09-CV-6007, 2010 WL 3035742, at *3 n.2 (D.N.J. Aug. 3, 2010).

has no claim for rescission under TILA.

### IV. This Court Declines to Exercise Subject Matter Jurisdiction Over the Remaining State Law Claims.

Once Plaintiff's TILA claims are dismissed, the Court must decide whether to exercise supplemental subject-matter jurisdiction over the pendent state law claims. "'[W]here the claim over which the district court has original jurisdiction is dismissed before trial, the district court *must* decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.'" *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) (quoting *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995)). This Court sees no reasons why any considerations of judicial economy, convenience, or fairness to the parties would provide an affirmative justification for exercising supplemental jurisdiction in this case. It is early in the proceeding, a New Jersey state court would be more than able to deal with the remaining state law issues, and any statutes of limitations on the remaining state law claims would be tolled for 30 days under 28 U.S.C. § 1367(d) to allow Minklein time to bring an action in state court. *Id.* at 123-24.

### V. Conclusion

For the reasons stated above, Defendants' Rule 12(b)(1) motion is **DENIED**; Defendants' Rule 12(b)(6) motion is **GRANTED** with respect to the alleged TILA

violations; Plaintiff's claims for TILA violations are **DISMISSED WITH PREJUDICE**; and this Court declines to exercise subject matter jurisdiction over the remaining claims arising under state law. An appropriate order follows.


                                                              /s/ William J. Martini  
                                          **WILLIAM J. MARTINI, U.S.D.J.**

**Date: February 10, 2011.**